Gladys SANCHEZ, on behalf of Brandon SANCHEZ, Edgardo Sanchez, on behalf of Brandon Sanchez, Carlo Casoria, as Legal Guardian of Janine Casoria, Corine Watson, as Legal Guardian of Sean Watson, Edward W. Chapin, as Legal Guardian of Bruce Chapin, Ethel B. Chapin, as Legal Guardian of Bruce Chapin, Helen Thurman, as Legal Guardian of Ernie Thurman, Lorraine Slaff, as Legal Guardian of Matthew Slaff, Myron Slaff, as Legal Guardian of Matthew Slaff, Marian Nurenberg, as Legal Guardian of Elly Nurenberg, Marie Washington, as Legal Guardian of Jacque Washington, Mary Downing, as Legal Guardian of Antonio Staton, Roger Leveille, as Legal Guardian of Lourdy Leveille, Susan Shafran–Torres, as Legal Guardian of David Torres, Plaintiffs–Appellants,

v.

David PATTERSON, as Governor of the State of New York, Thomas A. Maul, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Janet Wheeler, individually and as Director of the Bernard Fineson Developmental Center, Joel A. Dvoskin, as Commissioner of the New York State Office of Mental Health, Marva Livingston Hammons, as Commissioner of the New York City Human Resources Administration, Mary Glass, as Commissioner of the New

York State Department of Social Services, Michael R. Bloomberg, as Mayor of the City of New York, Defendants–Appellees.*

Nos. 08–2305–cv (Lead), 08–2340–cv (Con).

United States Court of Appeals, Second Circuit.

May 18, 2009.

See also 908 F.Supp. 1142.

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Michael H. Sussman, Sussman & Watkins, Goshen, NY, for Plaintiffs–Appellants.

Monica Wagner, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, on the brief, Barbara D. Underwood, Solicitor General, and Richard Dearing, Assistant Solicitor General, of counsel), Office of the Attorney General for the State of New York, New York, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, and J. CLIFFORD WALLACE,** Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Gladys Sanchez, Edgardo Sanchez, and others (collectively, "plaintiffs") appeal from a March 18, 2008 order of the District Court, denying their motion for attorney's fees under 42 U.S.C. § 1988(b). *See Sanchez v. Pataki*, Nos. 98–cv–06282 (DGT), 95–cv–03803 (DGT), 2008 WL 729097 (E.D.N.Y. Mar. 18, 2008). Specifically, the District Court concluded that plaintiffs were not prevailing parties under § 1988(b), and accordingly, were not entitled to attorney's fees. *Id.* at *5. We

assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal.

"We review the district court's grant of attorney's fees for abuse of discretion." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir.2009). "Inasmuch as the resolution of the district court's grant of attorney's fees implicates questions of law, our review is *de novo*." *Id.* (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008)). Because the District Court's denial of attorney's fees resulted from its conclusion that the plaintiffs were not prevailing parties under § 1988(b), we review the District Court's decision *de novo*.

Section 1988, subsection (b) provides that "[i]n any action or proceeding to enforce a provision of … [42 U.S.C. §§ ] 1981, 1981a, 1982, 1983, 1985, and 1986 … the court, it its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." As we have previously stated, a "prevailing party" is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia*, 561 F.3d at 102 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). A plaintiff is not a "prevailing party," however, if he "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601, 121 S.Ct. 1835. The Supreme Court determined that if the defendant acted only voluntarily, his actions would "lack[ ] the necessary judicial *imprimatur* on the change" for the plaintiff to be considered a prevailing party. *Id.* at 605, 121 S.Ct. 1835.

** The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

In the case at hand, the District Court did not enter a judgment on the merits, a consent decree, or an order of dismissal in which it retained jurisdiction or incorporated the terms of a settlement agreement. In light of these facts, and for the reasons further articulated in the District Court's careful Memorandum and Order of March 18, 2008, *see Sanchez*, 2008 WL 729097, we conclude that the case lacks sufficient judicial *imprimatur* to render the plaintiffs a prevailing party. As a result, plaintiffs' motion for attorneys fees under 42 U.S.C. § 1988(b) was properly denied.

## CONCLUSION

For the reasons stated above, the March 18, 2008 order of the District Court is **AFFIRMED.**